

MAY - 8 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                          Criminal Action No. 3:09CR154

CALDON MINOR

**MEMORANDUM OPINION**

Caldon Minor, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 85). The Government has moved to dismiss, inter alia, on the ground that the statute of limitations bars the § 2255 Motion. Minor has not responded. For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

**I.  PROCEDURAL HISTORY**

Minor pled guilty to possession with intent to distribute more than five grams of cocaine base. (Plea Agreement 1, ECF No. 27.) On March 16, 2010, the Court entered judgment against Minor and sentenced him to 240 months of imprisonment. (J. 2, ECF No. 52.) Minor did not appeal.

On August 13, 2012, Minor executed and placed his § 2255 Motion in prison mail system for transmission to this Court. The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Minor asserts that in light of the decision in United States v. Simmons, 649 F.3d. 237 (4th Cir. 2011), his two "prior conviction[s] . . . . shouldn't have been used against me to make me qualify for a sentence enhancement under the Career Offender" guidelines.   (§ 2255 Mot. 15.)[1]

## II.   ANALYSIS

### A.    Guidelines Claims Not Cognizable In § 2255

Minor's challenge to the calculation of his sentence under the guidelines fails to state a cognizable claim for § 2255 relief.  See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" an error in calculation of Sentencing Guidelines not cognizable in a § 2255 motion); see also United States v. Goines, 357 F.3d 469, 477 (4th Cir. 2004) (citations omitted) ("guideline claims ordinarily are not cognizable in § 2255 proceedings."); Milan v. United States, --- F. Supp. 3d ----, No. 1:09cr228, 2014 WL 5454394, at *5 (E.D. Va. Oct. 24, 2014) (challenge to criminal history category not cognizable in § 2255); cf. Hawkins v. United States, 706 F.3d 820, 823-24 (7th Cir. 2013), cert. denied, 134 S. Ct. 1280 (2014); Sun Bear v. United States, 644 F.3d 700, 705-06 (8th Cir. 2011) (en banc) (challenges to career offender status under guidelines not cognizable in § 2255).    Minor fails to demonstrate any

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to Minor's submission.

extraordinary circumstances that would allow the Court to reach the validity of the guidelines sentence at this late juncture. For this reason alone, Minor's § 2255 Motion will be denied.

**B.    Statute Of Limitations**

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**    A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> > **(1)**    the date on which the judgment of conviction becomes final;
> >
> > **(2)**    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > **(3)**    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(4)**    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

3

Because Minor did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, April 5, 2010, the last date to file an appeal.  See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A)  (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment).  Hence, Minor had until Tuesday, April 5, 2011 to file any motion under 28 U.S.C. § 2255.  Because Minor did not file his § 2255 Motion until nearly a year and a half after that date, the statute of limitations bars the § 2255 Motion unless Minor demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4) or equitable tolling.

Minor seeks belated commencement under 28 U.S.C. § 2255(f)(3) based on the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[2]

---

[2] In Simmons, the United States Court of Appeals for the Fourth Circuit addressed the method for determining whether a prior conviction is considered a "felony" conviction punishable by a term of more than one year. Simmons, 649 F.3d 243-35. The Fourth Circuit

   overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but

4

A § 2255 petitioner may obtain a belated commencement of the limitation period to "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). To the extent Minor argues that he is entitled to a belated commencement under § 2255(f)(3) because Simmons was a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" he is incorrect. Id. Simmons "is not a Supreme Court decision recognizing a new right, [thus] it likewise cannot be invoked in connection with the limitation period onset contemplated by § 2255(f)(3)." United States v. Bowman, 561 F. App'x 294, 298 (4th Cir. 2014). Thus, Minor lacks entitlement to a belated commencement period under Simmons. Accordingly, the statute of limitations bars Minor's § 2255 Motion.[3]

---

rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (emphasis omitted) (citing Simmons, 649 F.3d at 241).

[3] Even if Simmons applied retroactively to Minor's § 2255 Motion, it entitles Minor to no relief. Minor was found to be a career offender based on two prior felony drug convictions in which he received a sentence of more than one year. His career offender designation was based on a February 22, 1996 conviction of possession of cocaine with intent to distribute to which he was sentenced to five years of imprisonment with four years and

## III. CONCLUSION

For the foregoing reasons, Clarke's § 2255 Motion (ECF No. 85) will be denied.   The action will be dismissed.   The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Clarke and counsel for the Government.

_____/s/_____/REd/_____

Robert E. Payne
Senior United States District Judge

Date: May 8, 2015
Richmond, Virginia

---

eight months suspended, and a January 15, 2002 conviction of possession of cocaine with intent to distribute to which he was sentenced to five years with four years and two months suspended.  (See Presentence Report ¶¶ 35, 46, 64.)